U.S. Department of State

**Certificate to be Attached to Documentary Evidence Accompanying Requisitions in the United States for Extradition**

## AMERICAN FOREIGN SERVICE

Sarajevo, Bosnia and Herzegovina, December 18, 2014

I, Corey M. Gonzalez, Consul of the United States of America in Sarajevo, Bosnia and Herzegovina, hereby certify that the annexed papers, being extradition documents proposed to be used upon an application for the extradition from the United States of Robert Kovačević, charged with war crimes against civilians alleged to have been committed in Bosnia and Herzegovina, are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes of the tribunals of Bosnia and Herzegovina, as required by Title 18, United State Code, Section 3190.

In witness whereof I hereunto sign my name and cause my seal of office to be affixed this 18th day of December, 2014.

Corey M. Gonzalez

Consul of the United States of America
U.S. Embassy Sarajevo



*Sarajevo, 01 December 2014*

*TO: THE DEPARTMENT OF JUSTICE OF THE UNITED STATES OF AMERICA*

*FROM: THE MINISTRY OF JUSTICE OF BOSNIA AND HERZEGOVINA*

*SUBJECT: Request for extradition, KOVAČIĆ ROBERT from the United States of America to Bosnia and Herzegovina*

*Reference number of the Ministry of Justice of Bosnia and Herzegovina: 07-14-7-10462/14*

*The Ministry of Justice of Bosnia and Herzegovina presents its compliments to the Department of Justice of the United States of America.*

*In compliance with provisions of the Convention on the Extradition of Criminals between the Kingdom of Serbia and the United States of America dated 25 December 1901, taken over by Bosnia and Herzegovina from the former SFRY, and the cooperation so far between Bosnia and Herzegovina and the United States of America in the area of mutual legal assistance, pursuant to Article 57 of the Law on Mutual Legal Assistance in Criminal Matters, the Minister of Justice of Bosnia and Herzegovina has the honour to submit to the Department of Justice of the United States of America the following*

### EXTRADITION REQUEST

*for **Kovačić Robert**, son of Nikola, citizen of Bosnia and Herzegovina, born 07 April 1953 in Jajce, on request of the Cantonal Court in Novi Travnik, which ordered the issuance of an international warrant. The stated person is the subject of a pursuit for the purpose of criminal prosecution and trial before the Cantonal Court in Novi Travnik for the criminal offense "war crimes against civilians" from Article 142, Paragraph 1 of the Criminal Code of the former Socialist Federal Republic of Yugoslavia.*

### ATTACHMENT:

1. *Request of the Cantonal prosecutor's Office Travnik, number: T06 0 KT RZ 0008568 13 dated 03 November 2014 for the extradition of Kovačić Robert;*
2. *Copy of the identity card with photograph and fingerprints of the defendant;*
3. *Certificate of Citizenship of Bosnia and Herzegovina for Kovačić Robert, dated 23 April 2014;*
4. *Official note of the Ministry of Internal Affairs Travnik number: 02/3-6-260/14NŠ dated 17 November 2014 on the recognition of the defendant Kovačić Robert by the injured party Sardupalović Sefija with two photographs of the defendant;*
5. *Order of the Cantonal Prosecutor's Office Travnik, number: T06 0 KT RZ 0008568 13 dated 09 January 2013 on conducting an investigation on the defendant Kovačić Robert;*

6. Decision of the Cantonal Court in Novi Travnik, number: 06 0 K 007087 14 Kpp dated 06 June 2014 on ordering custody for the defendant Robert Kovačić;
7. Order of the Cantonal Court in Novi Travnik, number: 06 0 K 007087 14 Kpp dated 04 July 2014 for the issuance of an international warrant for the defendant Kovačić Robert;
8. Transcript of the article of the Criminal Code of the former SFRY for the offense for which the extradition is sought and other documentation described in more detail in the request of the Cantonal Prosecutor's Office Travnik, number: T06 0 KT RZ 0008568 13 dated 03 November 2014 for the extradition of Kovačić Robert.

The Ministry of Justice of Bosnia and Herzegovina avails itself of this opportunity to renew to the Department of Justice of the United States of America the assurances of its highest consideration and appreciation for cooperation.

/stamp of the Ministry of Justice    **MINISTER**
of Bosnia and Herzegovina in Sarajevo/

**Bariša Čolak**
*/signed on his behalf;*
*signature affixed/*

Sarajevo, Trg BiH br. 1 Tel: +387 33 281-556, Fax: +387 33 201-653

I hereby certify that this translation fully corresponds to the original written in Bosnian.
Date: 05 December 2014
Certified Court Interpreter for English and German – Marina Čotić.



Bosna i Hercegovina
*MINISTARSTVO PRAVDE*



Босна и Херцеговина
*МИНИСТАРСТВО ПРАВДЕ*

*Sarajevo, 01.12.2014.godine.*

## ZA: MINISTARSTVO PRAVDE SJEDINJENIH AMERIČKIH DRŽAVA

## OD: MINISTARSTVA PRAVDE BOSNE I HERCEGOVINE

**PREDMET: Molba za izručenje KOVAČIĆ ROBERTA iz Sjedinjenih Američkih Država u Bosnu i Hercegovinu**

**Referentni broj Ministarstva pravde Bosne i Hercegovine: 07-14-7-10462/14**

*Ministarstvo pravde Bosne i Hercegovine izražava poštovanje Ministarstvu pravde Sjedinjenih Američkih Država.*

*U skladu s odredbama Konvencije o izdavanju krivaca zaključene između Kraljevine Srbije i Sjedinjenih Američkih Država od 12/25 X 1901.godine, koju je od bivše SFR Jugoslavije preuzela Bosna i Hercegovina, te dosadašnje saradnje između Bosne i Hercegovine i Sjedinjenih Američkih Država na planu međunarodne pravne pomoći, a na osnovu člana 57. Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima, ministar pravde Bosne i Hercegovine ima čast da Ministarstvu pravde Sjedinjenih Američkih Država podnese*

## MOLBU ZA IZRUČENJE

*Kovačić Roberta, sina Nikole, državljanina Bosne i Hercegovine, rođenog 07.04.1953.godine u Jajcu. Na zahtjev Kantonalnog suda u Novom Travniku, koji je izdao naredbu za raspisivanje međunarodne potjernice, imenovani je predmet potrage u svrhu krivičnog gonjenja i suđenja pred Kantonalnim sudom u Novom Travniku zbog krivičnog djela " ratni zločin protiv civilnog stanovništva" iz člana 142. stav 1. Krivičnog zakona bivše Socijalističke Federativne Republike Jugoslavije.*

### PRILOG:

1. *Zahtjev Kantonalnog tužilaštva Travnik broj: T06 0 KT RZ 0008568 13 od 03.11.2014. godine za izručenje Kovačić Roberta;*
2. *Kopija kartona lične karte sa fotografijom i otiskom prsta potraživanog Kovačić Roberta;*

3. *Uvjerenje o državljanstvu Bosne i Hercegovine potraživanog Kovačić Roberta od 23.04.2014.godine;*
4. *Službena zabilješka Ministarstva unutrašnjih poslova Travnik broj: 02/3-6-260/14NŠ od 17.11.2014. godine o prepoznavanju potraživanog Kovačić Roberta od strane oštećene Sardupalović Sefije sa dvije fotografije potraživanog;*
5. *Naredbu Kantonalnog tužilaštva Travnik broj: T06 0 KT RZ 0008568 13 od 09.01.2013. godine o provođenju istrage protiv potraživanog Kovačić Roberta;*
6. *Rješenje Kantonalnog suda u Novom Travniku broj: 06 0 K 007087 14 Kpp od 06.06.2014. godine o određivanju pritvora prema potraživanom Kovačić Robertu;*
7. *Naredbu Kantonalnog suda u Novom Travniku broj: 06 0 K 007087 14 Kpp od 04.07.2014. godine za raspisivanje međunarodne potjernice za potraživanim Kovačić Robertom;*
8. *Izvod člana Krivičnog zakona bivše Socijalističke Federativne Republike Jugoslavije za djelo za koje se traži izručenje i drugu dokumentaciju bliže navedenu u zahtjevu Kantonalnog tužilaštva Travnik broj: T06 0 KT RZ 0008568 13 od 03.11.2014. godine za izručenje Kovačić Roberta.*

*Ministarstvo pravde Bosne i Hercegovine koristi i ovu priliku da Ministarstvu pravde Sjedinjenih Američkih Država ponovo izrazi poštovanje i zahvalnost za saradnju.*



**MINISTAR**

**Bariša Čolak**

BOSNIA AND HERZEGOVINA
FEDERATION OF BOSNIA AND HERZEGOVINA
CENTRAL BOSNIA CANTON
CANTONAL PROSECUTOR'S OFFICE
TRAVNIK
No. T06 0 KT RZ 0008568 13
Travnik, 03/11/2014

## REQUEST FOR EXTRADITION

### I, Ahmed Mešić, declare under oath:

1. I am BiH citizen, permanently residing in Sarajevo.

2. Since 17th March 2014 I have been working in the Central Bosnia Canton Prosecutor's Office as a cantonal prosecutor, War Crime Department. The prosecutors of the Prosecutor's Office Travnik, War Crime Department, prosecute and process war crimes which are result of violation of International Humanitarian Law in the area under competence of the Prosecutor's Office Travnik. While working as a prosecutor of Travnik Prosecutor's Office, as well as while working as an employee of the law office, BiH Office of the Registrar and BiH Ministry of Justice, I got familiar with the Criminal Code BiH, Criminal Code FBiH and Criminal Code SFRY, as well as the provisions of Criminal Procedure Code BiH and Criminal Procedure Code FBiH. As prosecutor of the Prosecutor's Office Travnik I am authorized, under article 57 of Law on International Legal Assistance on Criminal Matters of BiH and article III of the Convention on Extradition signed by Kingdom of Serbia and United States of America on 12/25 October 1901 and which was inherited by BiH, to formally request extradition from USA.

3. Prosecutor's Office Travnik and I as the assigned prosecutor, that is, the prosecutor who previously worked on this case, based upon BiH Court Decision No. S1 1 K 011701 12 Kv dated 4th December 2012 regarding the transfer of competences in the case against the suspect Robert Kovačić, the order for conducting investigation was issued due to reasonable suspicion that the suspect Robert Kovačić during the war in Bosnia and Herzegovina and by violating International Humanitarian Law, committed a war crime against civilians under article 142, par. 1 taken over from the CC SFRY since he raped a civilian ▪▪▪▪▪▪▪▪▪▪ in Jajce on 19th September 1995. Statements from several witnesses and the victim were taken during the investigation, so on 02nd June 2014 this Prosecutor's Office, having in mind that the suspect was in America, filed the Motion for detention and Motion for issuance of international arrest warrant against Robert Kovačić with the competent Cantonal Court in Novi Travnik. Upon Decision of Cantonal Court in Novi Travnik No.06 0 K 007087 14 Kpp dated 06th June 2014 which was confirmed by the Decision of Cantonal Court in Novi Travnik No.06 0 K 007087 14 Kpp dated 30th June 2014, the suspect Robert Kovačić was ordered detention due to reasonable suspicion that he had committed criminal offence of war crime against civilians under article 142, par. 1 taken over from the CC SFRY. Regarding that, the Cantonal Court Novi Travnik issued the Order for issuance of international Interpol arrest warrant under No. 06 0 K 007087 14 Kpp. The copy of Order on conducting investigation, Motion for detention,

Cantonal Court Decision on detention and the Order for issuance of arrest warrant are enclosed to the additional list of evidence of this Request.

## SUMMARY OF EVIDENCE

4. Order on conducting investigation, Motion for detention of the Prosecutor's office as well as the Decision on detention claim that the suspect Robert Kovačić committed the war crime against civilians by raping the victim civilian ▓▓▓▓▓▓▓▓ in the following manner:

Upon receive of evidence and the complete case file against the suspect Robert Kovačić, on 09/01/2013 the Prosecutor's Office of Central Bosnia Canton issued the Order to conduct investigation in this case. At the current investigation against the suspect, the collected evidence indicated the existence of **reasonable suspicion** that the suspect Robert Kovačić, during the war in Bosnia and Herzegovina, had acted contrary to the regulations of the article 3 of Geneva Convention on Protection of Civilians During Times of War dated 12/08/1949 and article 4 of the II Additional Protocol to Geneva Convention dated 12/01/1977 on protection of victims of international armed conflicts, because he, as HVO soldier, on 19/09/1995 in Jajce, after ▓▓▓▓▓▓▓▓ due to fear, had moved from her flat in 7 Svetog Luke Street to the flat used by Robert Kovačić, forced her to have a glass of brandy, pushed her into a room, ordered her to take her clothes off and when she refused to do so and bagged him to let her go, pushed her to the bed, tore off her clothes, slapped her face and then forced her to sexual intercourse, turning her roughly to one and then another side, insulting her all the time for her nationality and threatened her that he would kill her and throw her in the garbage and after that, the victim used a chance and ran away from the flat naked,

by which he committed the criminal offence of war crimes against civilians under article 142, par. 1 taken over from the CC SFRY.

## EXHIBITS

Existence of reasonable suspicion that Robert Kovačić, as HVO soldier, committed the criminal offence of war crimes was based primarily on the statements of the victim ▓▓▓▓▓▓▓▓ such as: The Official Report of PS Jajce dated 03/10/1995, Records on witness questioning of ▓▓▓▓▓▓▓▓ No.17-12/3-04-81-58/08 of State Investigation and Protection Agency (SIPA) dated 16/09/2008, Records on witness questioning of ▓▓▓▓▓▓▓▓ No.16-13/3-1-75/12 of SIPA dated 15/03/2012, records on witness questioning of ▓▓▓▓▓▓▓▓ No.T06 0 KTRZ 0008568 of Cantonal Prosecutor's Office dated 13/10/2014,

Records on witness questioning of Hadžija Mešić No.16-13/3-1-76/12 of SIPA dated 15/03/2012, Records on witness questioning of Zvonko Jakešević No.16-13/3-1-76/12 of SIPA dated 15/03/2012, Official letter of Federal Ministry for Issues Of The Veterans and Disabled Veterans of The Defensive-Liberation War No.07-03-9-1/13 dated 11/02/2013. Official report of MOI CBC No. 02/3-6-122/14 dated 12/05/2014.

The Records on victim questioning undoubtedly indicate that the event happened in the way that Robert Kovačić raped the victim and that he used his position of HVO soldier, that he insulted her nationality, swore her "Muslim" mother. The statement of Zvonko Jakešević, the Assistant Chief of Crime Police in Jajce at that time, indicates the reasonable suspicion that the suspect committed acts he was suspected for. Consistent statements of the witness Hadžija

Mešić and the interview with Ferida Čelhasić indicate that the victim was raped during the war in Jajce by the HVO soldier, that is, by the suspect. The victim ███████ in her statements clearly described the manner in which Robert Kovačić committed the rape over her and her statement was backed up by the statements of other witnesses such as Hadžija Mešić who said that ███ had been raped and that the victim ███████ came one day during the year 1995, that she was covered in blood, wrapped and frightened, and that she told her that she had been raped by a HVO member. Zvonko Jakešević in his statement claimed that he, as assistant chief of crime police during 1995, questioned and took a statement from the victim ███████ who reported the rape and that Robert Kovacic from Jajce was the person indicated as the perpetrator, the person who left BiH immediately after the war in order to avoid the prosecution.

As previously mentioned in the Request for Extradition, on 02nd June 2014 the Prosecutor's Office Travnik filed with the competent Cantonal Court Novi Travnik the Motion for detention and Motion for issuance of international arrest warrant together with all evidence charging the suspect for the mentioned crime, so the Court issued the Decision on detention and Order on issuance of international arrest warrant on 06th June 2014, that is, 30th June 2014. I have obtained the copies of Decision on detention and Order on issuance of international arrest warrant and enclose them to this Statement as exhibits 2 I 2.a) and I 2 b). From the Court Decision it clearly follows that the Court determined that there were enough evidence that the suspect had committed the criminal offence of war crimes, the rape. I wish to stress that the legal provision regulating completion of investigation under article 240, par. 3 of CPC FBiH reads: "Indictment cannot be instigated unless the suspect has been questioned". Having in mind that the suspect is not in BiH but left BiH immediately after the war and went to the USA in order to avoid prosecution, it was impossible to instigate the indictment.

### WAR CRIMES AGAINST CIVILIANS under article 142 taken over from CC SFRY

5. War crimes against civilians are standardized by the Criminal Code of SFRY in 1997 which was taken over by BiH in 1992 and which is implemented by cantonal and county prosecutor's offices in prosecution of suspects for aggravated violation of International Humanitarian Law – war crimes. These crimes are standardized by Chapter XVI of the mentioned Code and that Chapter is called Crimes against Humanity and International Law. These crimes, that is, war crimes against civilians, can be committed only with premeditation. Persons convicted for this crime can be sentenced with imprisonment up to 20 years. Text of the Code is enclosed as exhibit 3.

### REGULATIONS ON THE STATUTE OF LIMITATION

6. Criminal Code SFRY in article 100 states that prosecution and execution of sentences for crimes under articles 141- 145 of this Code do not come under statute of limitation, or for the crimes for which, under international agreements, the statute of limitation cannot be applied.

### DESCRIPTION OF THE SUSPECT

7. Robert Kovačić is BiH citizen, born on ███ 1953 in Jajce. He is the son of father Nikola and mother Brigita, nee Bokor. He is Caucasian, Croat by nationality. Enclosed is the photograph of the suspect that we have obtained through investigation and it is possible that it is a recent photo of Robert Kovačić. It is believed that Robert Kovačić lives in Virginia, in the town of Roanoke.

The following is the list of exhibits which are integral part of this Request.

1. Order on conducting investigation No. T06 KTRZ 0008568 13 dated 09/01/2013

   1. a) Motion for detention No. T06 KTRZ 0008568 13 dated 02/06/2014

2. Decision on detention of Cantonal Court in Novi Travnik No.06 0 K 007087 14 Kpp dated 06/06/ 2014

2. a) Decision of Cantonal Court in Novi Travnik No.06 0 K 007087 14 Kv dated 30/06/ 2014

2. b) Order of Cantonal Court in Novi Travnik No. 06 0 K 007087 14 Kpp. dated 04/07/2014 for issuance of international Interpol arrest warrant

3. Full text regarding criminal offence under article 142 taken over from Criminal Code SFRY

4. Full text regarding regulations on statute of limitation- article 100 CC SFRY

5. Official Report of PS Jajce dated 03/10/1995

6. Records on witness questioning of ▆▆▆▆▆▆▆▆▆▆ No.17-12/3-04-81-58/08 of State Investigation and Protection Agency (SIPA) dated 16/09/2008

6. a) Records on witness questioning of ▆▆▆▆▆▆ No.16-13/3-1-75/12 of SIPA dated 15/03/2012

6. b) Records on witness questioning of ▆▆▆▆▆▆ No.T06 0 KTRZ 0008568 of Cantonal Prosecutor's Office dated 13/10/2014,

7. Records on witness questioning of Hadžija Mešić No.16-13/3-1-76/12 of SIPA dated 15/03/2012

8. Records on witness questioning of Zvonko Jakešević No.16-13/3-1-76/12 of SIPA dated 15/03/2012- Official report

9. Official letter of Federal Ministry for Issues of The Veterans and Disabled Veterans of The Defensive-Liberation War No.07-03-9-1/13 dated 11/02/2013

10. Official report of MOI CBC No. 02/3-6-122/14 dated 12/05/2014

**Upon all the above, I believe that the conditions for extradition of the suspect Robert Kovačić are met and that is why I propose that the Human Rights and Special Prosecutions Section Criminal Division U.S. Department of Justice accepts my REQUEST FOR EXTRADITION.**

The statement was given under oath and signed by the prosecutor Ahmed Mešić.

In Travnik, BiH, 03rd November 2014.



CANTONAL PROSECUTOR
Ahmed Mešić

Idetification Card File

| Photo | Family name: KOVAČIĆ |
| | Given name: ROBERT |
| | Parent name: NIKOLA |
| Registration number: 136/90 | Place of birth: JAJCE |
| Series and serial number: BH 04508424 | Municipality: JAJCE |
| Date issued: 12.01.1991 | Republic: SR BiH |
| Validity period: 10 years | Nationality: YUGOSLAVIAN |
| Fingerprint | Occupation: NOT EMPLOYES |
| | Address: Baščeluci bb |
| | Signature of the ID card holder: Signed: Kovačić Robert |
| | Authorized official signature: Signed |

### IDENTITY AND CITIZENSHIP ESTABLISHED ON THE BASIS OF:

-Marriage certificate issued by municipality of jajce for the year 1953, on page 213, under number 107.

-   ID card issued by the police of Skoplje municipality number: MB 736278, serial number 899454/85 issued on 24.07.1985 for BOKOR.

-   Citizenship certificate issued by Jajce municipality, registered on page 1907, under number 19196

| CHANGE OF PERSONAL DATA | |
| | |
| | |

| CHANGE OF RESIDENCE, ADDRESS and DEREGISTRATION | |
| | |
| | |



# Karton lične karte

9 3 4 5 0 1 3 2
Jed. mat. broj

KOVAČIĆ
(PREZIME)

ROBERT
(IME)

Nikola
(IME JEDNOG ILI OBA RODITELJA)

Jajce
(MJESTO ROĐENJA)

**136/90**
(REG. BROJ)

**BH 04508424**
(SERIJA I SER. BR.)

**12.01.1990.**
(DATUM IZDAVANJA)

**10 godina**
(ROK VAŽENJA)

(OZNAKA KRV. GR.)

ROĐENA

Jajce
(OPŠTINA)

SR BiH
(REPUBLIKA — POKRAJINA — DRŽAVA)

Jugosloven
(PRIPADNOST NARODU — NARODNOST)

nezaposlen
(ZANIMANJE)

Baščeluci bb.
(PREBIVALIŠTE I ADRESA)

(POTPIS IMAOCA LIČNE KARTE)

(POTPIS SLUŽBENOG LICA)

---

**IDENTITET I DRŽAVLJANSTVO UTVRĐENI NA OSNOVU:**

— IZVOD IZ MATIČNE KNJIGE ROĐENIH (VJENČANIH)

OPŠTINE ___ č Jajce ___, MJESNI URED

___ ZA GODINU __1953.__

NA STRANI ___213___, POD RED. BR. ___107__

— LIČNE KARTE IZDATE OD SUP OPŠTINE ___ Skoplje

HB 736278 ___, SERIJA I SER. BROJ 994454/85

IZDATOJ GODINE 24.07. 1985 na Bokok

— UVJERENJE O DRŽAVLJANSTVU OPŠTINE ___Jajce

___, MJESNI URED ___

___, UPISAN NA STRANI __1907__

POD RED. BR. __19196__

**PROMJENA LIČNIH PODATAKA**

**PROMJENE PREBIVALIŠTA, ADRESA STANA I ODJAVA**

| DATUM | ADRESA STANA I ODJAVA |
|---|---|
| | |
| | |
| | |
| | |

SOUR «SVJETLOST» SARAJEVO
GRAFIČKA RADNA ORGANIZACIJA
Oznaka za narudžbu: 2/30   Izdanje: 82/89.

BOSNIA AND HERZEGOVINA
FEDERATION OF BOSNIA AND HERZEGOVINA
Canton: Middle Bosnia
Municipality of Jajce

Number: 07-13-4-1604/14
Date: 23.04.2014

On the basis of the article 35 of the Law on Citizenship of Bosnia and Herzegovina ("Official Bulletin of BiH" number 4/97, 13/99, 41/02, 6/03,14/03, 82/05, 43/09 and 76/09) on the request of: Ministry of Interior from Travnik we issue this:

# CERTIFICATE

Personal identification number (JMB) 0704953450132

That KOVAČIĆ ROBERT , son of Nikola, born on█████1953 in Jajce municipality of Jajce is a:

## Citizen of Bosnia and Herzegovina and Federation of Bosnia and Herzegovina

This certificate is issued on the basis of data from the Registry Book of Citizens for the settlement of Jajce, municipality of Jajce, on page 1907 under number 19196 for the year 1989.
Administrative tax in accordance with tariff number 4 of the Municipal Decision on Administrative Taxes of Jajce municipality, in the amount of 0.00 BAM paid and stamped on the request form.

Seal of the Municipality    Authorized official
Signed
Jakešević Jadranka

BOSNA I HERCEGOVINA
FEDERACIJA BOSNE I HERCEGOVINE
SREDNJOBOSANSKI KANTON - KANTON SREDIŠNJA BOSNA
KANTON _____

OPĆINA/GRAD _____ **JAJCE** _____
(naziv općinskog tjela)



Broj: **07-13-4- 1604/14**

Datum: **23.04.2014**

Na temelju članka 35. Zakona o državljanstvu Bosne i Hercegovine
("Službeni glasnik BiH", br.: 4/97, 13/99, 41/02, 6/03, 14/03, 82/05, 43/09 i 76/09),

na zahtjev **MUP-A TRAVNIK** _____ iz _____ , izdaje se

# UVJERENJE

Jedinstveni matični broj | ▉▉▉▉ 9 5 3 4 5 0 1 3 2

da je **KOVAČIĆ ROBERT** _____ sin-kći **NIKOLA** _____ rođen-a ▉▉ **1953** godine

u **JAJCE** _____ općina/grad **JAJCE** _____ ,

## državljanin-ka Bosne i Hercegovine i Federacije Bosne i Hercegovine

Ovo uvjerenje izdaje se na temelju podataka iz upisa u **MATIČNU** _____ knjigu **DRŽAVLJANA** _____

koja se vodi za naseljeno mjesto **JAJCE** _____ općina/grad **JAJCE** _____

na stranici **1907** _____ pod rednim brojem **19196** _____ za godinu **1989** _____

Pristojba o tarifnom broju **4** _____ Odluke o administrativnim pristojbama općine/grada **JAJCE** _____

u iznosu od **0 KM** _____ naplaćena je i na podnesku poništena.

M.P.

JAKEŠEVIĆ LJUBANKA
(Potpis odgovorne osobe)

Izdavač: JP NIO Službeni list BiH
Tisak: ⊕Grafotisak d.o.o.

Obrazac broj 13A FH

BOSNIA AND HERZEGOVINA
FEDERATION OF BOSNIA AND HERZEGOVINA
MIDDLE BOSNIA CANTON
MINISTRY OF INTERIOR
Police Administration
Travnik

Number: 02/3-6-260/14NŠ
Date: 17.11.2014

On the basis of the article 234, paragraph 1, of the Law on Criminal Procedures of the
Federation of Bosnia and Herzegovina, police officer makes this:

## OFFICIAL NOTE

Made on 12.05.2014 in the premises of the Ministry of Interior of Middle Bosnia Canton –
Travnik, in the procedure of responding to the request for additional activities of the Cantonal
Prosecutor Office Travnik, number T06 0 KT RZ 0008568 13 dated 08.10.2014.

On the day of 13.10.2014, acting in accordance with the above mentioned request, together
with the prosecutor in charge, we visited the victim                          in her apartment in
the street Sv. Luke in Jajce. On that occasion I showed photographs of Robert Kovačić to
                              and she recognized him. She said: "I know, that is him."

I have taken the above mentioned photographs from the facebook page of the above named
suspect. There are more photographs, made in the war period, placed on his facebook profile
by Robert Kovačić.

NOTE PREPARED BY
Nevzudin Švraka



***Bosna i Hercegovina***
**FEDERACIJA BOSNE I HERCEGOVINE**
**SREDNJOBOSANSKI KANTON/KANTON SREDIŠNJA BOSNA**
**MINISTARSTVO UNUTRAŠNJIH POSLOVA**
**MINISTARSTVO UNUTARNJIH POSLOVA**
**UPRAVA POLICIJE**
**TRAVNIK**

*Broj: 02/3-6- 260 /14NŠ*
*Datum: 17.11. 2014. godine*

*Na osnovu člana 234. stav 1. ZKP F BiH ovlaštena službena osoba sačinjava:*

## *SLUŽBENU ZABILJEŠKU*

*Sačinjena dana 17.11.2014 god. u službenim prostorijama MUP SBK / KSB Travnik , na okolnosti postupanja po Zahtjevu za preduzimanje drugih potrebnih radnji , Kantonalnog tužilaštva Travnik , broj : T06 0 KT RZ 0008568 13 od 08.10.2014 god .*

*Naime , dana 13.10.2014 god , postupajući po gore navedenom zahtjevu , skupa sa postupajućom tužiteljicom , boravili smo u stanu kod oštećene* ▮▮▮▮▮▮▮▮▮▮ *u ul. Sv.Luke u Jajcu , tom prilikom sam* ▮▮▮ *predočio fotografije od lica Robert Kovačić , kojom prilikom je ista prepoznala lice Robert Kovačić , te tom prilikom rekla " Znam to je taj "*

*Napominjem da su navedene fotografije skinute sa Facebook stanice od imenovanog , te da postoji još fotografija koje su nastale u ratnom periodu , a koje je R.Kovačić postavio na svoj profil na Facebooku .*

*Zabilješku sačinio :*
*Nevzudin Svraka*



11/11/2012



Bosnia and Herzegovina
Federation of Bosnia and Herzegovina
Middle Bosnia Canton
Cantonal Prosecutor Office
Travnik

Number: T06 KT RZ 008568 13
Travnik: 09.01.2013
SC/HM

On the basis of the article 45 , paragraph 2, item b. and article 231 of the Law on Criminal
Procedures I issue:

## ORDER
## For investigation

Against:

KOVAČIĆ ROBERT son of Nikola and mother Brigita, born on ▮▮▮ 1953 in Jajce, Croat,
citizen of BiH, personal identification number JMB: ▮▮▮▮▮ , residing in USA,
address unknown:

For the grounds for suspicion that he:
During the war in Bosnia and Herzegovina acted to the contrary of the rules from article 3 of
the Geneva Convention on Protection of Civilians During the War dated 12 August 1949 and
article 75. And the Protocol with the Geneva Convention dated 12Augudt 1949 on Protection
of Victims of Armed Conflicts in a manner that he:
As a member of HVO, on 19.09. 1995 in Jajce, he took ▮▮▮▮▮ from her
apartment in the street Svetog Luke number 7, took her to the apartment he used, forced her to
drink a glass of brandy, threw her into one room, ordered her to take off her clothes, when she
refused and pleaded him to let her go he threw her on the bed and ripped her clothes off,
slapped her in the face and forced her to have sexual intercourse. He was treating her very
roughly, turning her on one side and on the other, insulting her because of her ethnicity,
threatening to kill her and throw her in the garbage. After the rape she used the opportunity
and escaped from the apartment without clothes. While she was away Ilija Poplašen moved
into her apartment and she could not return there.

With this he committed a war crime against civilian population from article 142 of the taken
over Criminal Code of SFRY.

This order for investigation is justified by the following reasons:

- Decision of the Court of BiH number S1 1 K 011701 Kv dated 04.12.2012 with the
  complete file of the Prosecutor Office of BiH – Sarajevo number T 20 KTRZ 0003483
  12.

In that respect the following investigation activities need to be taken:

- To the Ministry of Interior of Middle Bosnia Canton Travnik, Department for War
  Crimes Investigations, forward request for taking statements from witnesses:

1

SAMIR DOBRIĆ
САМИР ДОБРИЋ
TRAVNIK ТРАВНИК

Cvitić Mate, from Kuprešani municipality of Jajce, regarding the following:
- Does he know the suspect Kovačić Robert
- Does he know the victim
- Did he together with the suspect go to the apartment of the victim
- Does he know who moved into the apartment of the victim
- Did he see the sign: "HVO" on the door of victim's apartment
- Does he know anything in connection with the rape of ███████

Summon the witness:

Poplašen Ilija who was a member of HVO, and question about:
- When under which circumstances he moved into the apartment of ████████████ at present located in the street Svetog Luke number 7 in Jajce
- Was the apartment locked
- What was the time of day and in what state did he find the apartment when he entered it with the intention to move in

- From Jajce Municipality request complete file regarding the Request for the return of the apartment to ██████████████ (Svetog Luke number 7, Jajce).

- Request from the Federal Ministry of Defense the information about suspect's participation in the war.

- For the suspect, obtain his criminal records

- Inform Cantonal Court in Novi Travnik about receiving the case against Robert Kovačić from the Prosecutor Office of BiH.

Cantonal Prosecutor
Safija Cerić



BOSNIA AND HERZEGOVINA
FEDERATION OF BOSNIA AND HERZEGOVINA
CENTRAL BOSNIA CANTON
CANTONAL PROSECUTOR'S OFFICE
TRAVNIK
NO. T06 0 KT RZ 0008568 13
Travnik, 02/06/2014

## TO: CANTONAL COURT IN NOVI TRAVNIK
**Preliminary Proceedings Judge**

Based upon provisions of the article 45 par. 1 and par. 2, point k), article 145, par. 2, article 146, par. 1, point a) and article 148, par. 1 of the Criminal Procedure Code of the Federation of Bosnia and Herzegovina ("Official Gazette Federation of BiH" No. 35/03, 37/03, 56/03, 78/04, 28/05, 55/06, 27/07, 53/07, 9/09 and 12/10- in further text **(CPC FBiH)**, the following is herewith submitted:

### MOTION
for detention

Against:

**ROBERT KOVAČIĆ**, son of Nikola and mother Brigita, nee Bokor, born on ▮▮▮ 1953 in Jajce, Municipality of Jajce, with the last known address in Jajce, bb Bašćeluci Street, BiH citizen, personal identification number: ▮▮▮▮▮▮▮▮ currently unavailable to the prosecuting authorities of Bosnia and Herzegovina, with a possible address of residence in USA.

Following the reasons stated in the article 146, par. 1, point a) and point d) of CPC FBiH, since the suspect is at large and unavailable to the prosecuting authorities and due to the extraordinary circumstances since the criminal offence in question can be sentenced with 10 years of imprisonment or with more severe sentence, due to its gravity related to the manner of execution or consequences of the crime, the release of the suspect would result in real threat for the public order.

### Explanation

The prosecutor's Office of Central Bosnia Canton has conducted the investigation against the suspect Robert Kovačić for committing a criminal offence of war crime against civilians under article 142, par. 1 taken over from the Criminal Code of SFRY. The case was under competence of BiH Prosecutor's Office but the BiH Court, by its Decision No. S1 1 K 011701 12 Kv dated 04/12/2012, delivered the case to this Prosecutor's Office for further proceedings.

Upon receive of evidence and the complete case file against the suspect Robert Kovačić, on 09/01/2013 the Prosecutor's Office of Central Bosnia Canton issued the Order to conduct investigation in this case. At the current procedure of investigation against the suspect, the

collected evidence indicated the existence of **reasonable suspicion** that the suspect Robert Kovačić, during the war in Bosnia and Herzegovina, had acted contrary to the regulations of the article 3 of Geneva Convention on Protection of Civilians During Times of War dated 12/08/1949 and article 4 of the II Additional Protocol to Geneva Convention dated 12/01/1977 on protection of victims of international armed conflicts, because he, as HVO soldier, on 19/09/1995 in Jajce, after ▮▮▮▮▮▮▮▮▮ due to fear, moved from her flat in 7 Svetog Luke Street to the flat used by Robert Kovačić, forced her to have a glass of brandy, pushed her into a room, ordered her to take her clothes off and when she refused to do so and bagged him to let her go, pushed her to the bed, tore off her clothes, slapped her face and then forced her to sexual intercourse, turning her roughly to one and then another side, insulting her all the time for her nationality and threatened her that he would kill her and throw her in the garbage and after that, the victim used a chance and ran away from the flat naked, by which he committed the criminal offence of war crimes against civilians under article 142, par. 1 taken over from the Criminal Code of SFRY.

Reasonable suspicion as a common element for existence of conditions for ordering detention for the suspect resulted from evidence collected during the investigation of CBC Prosecutor's Office but also the other authorities, including BiH Prosecutor's Office.

The following indicates that the mentioned crime happened and that the perpetrator was the suspect Robert Kovačić:

The Official Report of PS Jajce dated 03/10/1995, Records on witness questioning of ▮▮▮▮▮ ▮▮▮▮▮ No.17-12/3-04-81-58/08 of State Investigation and Protection Agency (SIPA) dated 16/09/2008, Records on witness questioning of ▮▮▮▮▮▮▮▮▮ No.16-13/3-1-75/12 of SIPA dated 15/03/2012, Records on witness questioning of Hadžija Mešić No.16-13/3-1-76/12 of SIPA dated 15/03/2012, Records on witness questioning of Zvonko Jakešević No.16-13/3-1-76/12 of SIPA dated 15/03/2012, Official Report of SIPA No.16-13/3-1-137/12 dated 22/03/2012, Official report, PA Jajce Plan of Work No. 04-10/3-2-275/99 dated 16/03/1999, Records of PA Jajce No. 04-10/3-2-237/00 dated 06/09/2000, Official letter of Federal Ministry for Issues of The Veterans and Disabled Veterans of The Defensive-Liberation War No.07-03-9-1/13 dated 11/02/2013, Official report of MOI CBC No. 02/3-6-122/14 dated 12/05/2014.

That the critical period was a time of war and armed conflict as the common element for existence of criminal offence and state of war can be confirmed by the Decision on Declaring State of War published in the Official Gazette RBiH 7/92.
The report of the General Staff BiH Army No.1-1/1260-1 dated 16/09/1995 indicates that the military operations were conducted in the area of Bosanska Krajina against RS Army in the month of September and on the last page of the report it is said that HVO liberated Jajce and Šipovo. Information of the Second Administration GS YA No. 1758-5 dated 11/10/1995 gives information on military activities of Croatian Army and HVO in the area of Jajce during September 1995.
There is a causal link between the act of rape and the armed conflict. The suspect acted contrary to the regulations of international law and by violating provisions of Geneva Convention for protection of civilian victims he committed criminal offence of war crime against civilians under article 142, par. 1 taken over from the CC SFRY against the victim ▮▮▮▮▮▮▮▮▮ The victim was a civilian in that critical period and as such was protected by the article 3 and 4 of Geneva Convention on protection of civilians during times of war,

while the article 27 of the same Convention specially established and highlighted protection of women and violation of their honor, and that they should be protected against rapes.

The Records on victim questioning undoubtedly indicate that the event happened in the way that Robert Kovačić raped the victim and that he used his position of HVO soldier, that he insulted her nationality, swore her "Muslim" mother. The statement of Zvonko Jakešević, the Assistant Chief of Crime Police in Jajce at that time, indicates the reasonable suspicion that the suspect committed acts he was charged with. Consistent statements of the witness Hadžija Mešić and the interview with Ferida Čelhasić indicate that the victim was raped during the war in Jajce by the HVO soldier, that is, by the suspect.

I believe that there is a reason for detention prescribed by provisions of article 146, par. 1, point a) of CPC FBiH having in mind that the suspect Robert Kovačić is on the run and not available to the prosecuting authorities of Bosnia and Herzegovina. The CBC Prosecutor's Office, through MOI CBC, checked the suspect's address and the Official report of MOI CBC No.02/3-6-122/14 dated 12/05/2014 indicates that the suspect was not on the territory of Bosnia and Herzegovina but that he resided in USA, the State of Virginia, the town of Roanoke.

Therefore, the suspect is unavailable to this Prosecutor's Office and that is the reason why the Motion for detention is filed together with the Motion to the competent court to issue an international arrest warrant in accordance with the article 446 and 449 of CPC FBiH and I consider that the special detention under point a), article 146 of CPC FBiH is founded.

Also, there is reason for detention for the suspect Robert Kovacic prescribed by the provisions of the article 146, point d) of CPC FBiH having in mind that the suspect has been charged for War crimes against civilians under article 142, par. 1 taken over from the CC SFRY for which he can be sentenced with 10 years of imprisonment or with more severe sentence, especially since it was an aggravated crime as being committed during the war and armed conflict by infliction of rough injuries against body and victim's dignity, the rape committed by the suspect Robert Kovačić.

Those facts and circumstances as well as the manner in which the crime that he was suspected for was committed, brought us to the conclusion that his stay at large would result in a real threat for public order, especially having in mind gravity and nature of the committed crime as well as the consequences for the victim.

Having in mind all the above, I consider legal conditions under article 146, par. 1, point a) and point d) of CPC FBiH met and that the Motion of this Prosecutor's Office would be approved and detention ordered for the suspect Robert Kovačić according to the Law.

Regarding the fact that the suspect is not available to the state authorities, according to the provisions of article 148, par. 1 related to article 146, par. 1, point a) and point d) of CPC FBiH, and in relation to the article 446, par.1 and par. 2 of CPC FBiH, I propose that the competent court issues, besides the Decision on Detention, an international arrest warrant for the suspect.

CANTONAL PROSECUTOR
Ahmed Mešić
(signed)

BOSNIA AND HERZEGOVINA
FEDERATION OF BOSNIA AND HERZEGOVINA
CENTRAL BOSNIA CANTON

CANTONAL COURT IN NOVI TRAVNIK
No.: 06 0 K 007087 14 Kpp
Novi Travnik, 06/06/2014

Cantonal Court in Novi Travnik, upon the preliminary proceedings judge Mirjana Grubešić and participation of Sanela Nesimi as a clerk, in the criminal case against the suspect Robert Kovačić for criminal offence of war crimes against civilians under article 142, par.1 taken over from the Criminal Code of SFRY (CC SFRY), deciding on the Motion of the Cantonal Prosecutor's Office Travnik No. T06 0 KT RZ 0008568 13 dated 02/06/2014 for detention against the suspect Robert Kovačić, following the hearing held on 06/06/2014 in the presence of the cantonal prosecutor Ahmed Mešić and the suspect's court appointed defense counsel Jasna Dunđer, a lawyer from Novi Travnik, the same day brought the following:

## DECISION

Against the suspect:

**ROBERT KOVAČIĆ**, son of Nikola and mother Brigita nee Bokor, born on ▮▮▮▮ 1953 in Jajce, Municipality of Jajce, with the last known address at Baščeluci bb, Jajce, BiH citizen, personal identification number: ▮▮▮▮▮▮▮▮ currently unavailable to the BiH prosecuting authorities, with a possible address of residence in USA,

## DETENTION IS ORDERED

**which, according to this Decision, cannot last more than one month starting from the day of arrest.**

### Explanation

On 04/06/2014 Cantonal Prosecutor's Office Travnik filed with this Court the Motion No. T06 0 KT RZ 0008568 13 dated 02/06/2014 for detention against the suspect Robert Kovačić, for the reasons prescribed by article 146, par. 1, point a) and point d) of CPC FBiH, due to reasonable suspicion that he had committed the criminal offence of war crimes against civilians under article 142, par.1 taken over from the CC SFRY. In the Motion for detention as well as the verbal explanation of this Motion at the hearing, the prosecution stated that they conducted investigation against the suspect Robert Kovačić due to criminal offence of war crimes against civilians under article 142, par.1 taken over from the CC SFRY, that the case was under competence of BiH Court but BiH Court by its Decision No. S1 1 K 011701 12 Kv dated 04/12/2012 delivered the case to the Cantonal prosecution for further proceedings and after that, on 09/01/2013, the Prosecutor's Office of Central Bosnia Canton issued the Order to conduct investigation in this case. It is further said that at the current investigation against the suspect, the collected evidence indicated the existence of reasonable suspicion that the suspect Robert Kovačić, during the war in Bosnia and Herzegovina, had acted contrary to the regulations of the article 3 of Geneva Convention on Protection of Civilians During Times of War dated 12/08/1949 and article 4 of the II Additional Protocol to Geneva Convention dated

12/01/1977 on protection of victims of international armed conflicts, because he, as HVO soldier, on 19/09/1995 in Jajce, after ▊▊▊▊▊▊▊▊▊ due to fear, had moved from her flat in 7 Svetog Luke Street to the flat used by Robert Kovačić, forced her to have a glass of brandy, pushed her into a room, ordered her to take her clothes off and when she refused to do so and bagged him to let her go, pushed her to the bed, tore off her clothes, slapped her face and then forced her to sexual intercourse, turning her roughly to one and then another side, insulting her all the time for her nationality and threatened her that he would kill her and throw her in the garbage and after that, the victim used a chance and ran away from the flat naked, by which he committed the criminal offence of war crimes against civilians under article 142, par. 1 taken over from the CC SFRY. The written Motion gives in details evidence collected during the investigation either by the CBC Prosecution or by BiH Prosecutor's Office among which are the records on questioning of the victim ▊▊▊▊▊▊▊▊▊ witnesses Hadžija Mešić and Zvonko Jakešević, as well as the official reports made by the competent police bodies. In the Motion the prosecution also mentioned that the critical period was a time of war and armed conflict as the common element for existence of this criminal offence which was confirmed by the Decision on Declaring State of War published in the Official Gazette RBiH 7/92, that the report of the General Staff BiH Army No.1-1/1260-1 dated 16/09/1995 indicated that the military operations were conducted in the area of Bosanska Krajina against RS Army in the month of September and that HVO liberated Jajce and Šipovo, that the Information of the Second Administration GS YA No. 1758-5 dated 11/10/1995 gave information on military activities of Croatian Army and HVO in the area of Jajce during September 1995. The prosecution found a causal link-nexus between the act of rape and the armed conflict. The suspect acted contrary to the regulations of international law and by violating provisions of Geneva Convention for protection of civilian victims he committed criminal offence of war crime against civilians under article 142, par. 1 taken over from the CC SFRY against the victim ▊▊▊▊▊▊▊▊ The victim was a civilian in that critical period and as such was protected by the article 3 and 4 of Geneva Convention on protection of civilians during times of war, while the article 27 of the same Convention specially established and highlighted protection of women and violation of their honor, and that they should be protected against rapes. The prosecution stresses that the Records on victim questioning undoubtedly indicates that the event happened in the way that Robert Kovačić raped the victim and that he used his position of HVO soldier, that he insulted her nationality, swore her "Muslim" mother, that the statement of Zvonko Jakešević, the Assistant Chief of Crime Police in Jajce at that time, indicates the reasonable suspicion that the suspect committed acts he was charged with, as well as the consistent statements of the witness Hadžija Mešić and the interview with Ferida Ćelhasić. Regarding reasons for detention prescribed by provisions of article 146, par. 1, point a) of CPC FBiH, the prosecution stated that the suspect Robert Kovačić was on the run and not available to the prosecuting authorities of Bosnia and Herzegovina, that the Prosecutor's Office, through MOI CBC, checked the suspect's address and the Official report of MOI CBC No.02/3-6-122/14 dated 12/05/2014 indicates that the suspect was not on the territory of Bosnia and Herzegovina but that he resided in USA, the State of Virginia, the town of Roanoke, that the prosecution tried to reach him but failed, and because of all the above, that the motion for detention and issuance of international arrest warrant are grounded. Regarding reasons for detention prescribed by the provisions of the article 146, point d) of CPC FBiH, the prosecution stated that the suspect has been charged for war crimes against civilians under article 142, par. 1 taken over from the CC SFRY for which he can be sentenced with 10 years of imprisonment or with more severe sentence, especially since it was an aggravated crime as being committed during the war and armed conflict by infliction of rough injuries against body and victim's dignity, facts and circumstances as well as the manner in which the crime that he was charged with was

committed, brought us to the conclusion that if he stayed free it would result in a realistic threat for public order, especially having in mind gravity and nature of the committed crime as well as the consequences for the victim. Finally, the prosecution proposed that, according to the article 148, par.1, in relation to the article 146, par.1, point a) and point d), related to the article 446, par.1 and 2 of CC FBiH, detention should be ordered and international arrest warrant issued against the suspect.

Replaying to the Motion for detention of the Prosecutor's Office against the suspect Robert Kovačić, the suspect's defender at the hearing stated that there was no reasonable suspicion that the suspect committed the crime he was charged with for the reasons that there was no causal link between the committed act of rape and armed conflict and that it may possibly be a criminal offence of rape which came under statute of limitation. Regarding that, she stated that the collected evidence, that is, the official report No.02/3-6-122/14 dated 12/05/2014 indicated that the suspect was currently married with Fatima Kovačić nee Hrusto, that her name and surname indicated that she was of Bosniak nationality, which would lead to the conclusion that the suspect who got married with a Bosniak, did not commit the act of rape against the victim only for her nationality. Furthermore, she stressed that, according to the motion of the prosecution, the event in question happened during the time when HVO and BiH Army cooperated and jointly conducted operations against RS Army, so that was another reason why the causal link that the prosecution wanted to prove and use it to make legal qualification of the act, was missing. The defender also appealed against the proposed reasons for detention. In that sense she said that the suspect was not on the run since he had a known address, that at least a formal summon through international aid in order to establish whether he was willing to honor it or not was to be sent to the suspect, which is necessary to determine the existence of "to be on run", that is, reasons which would justify detention under article 146, par. 1, point a) of CPC FBiH. Defender also believe that there were no reasons for detention under article 146, par. 1, point d) of CPC FBiH since more that 20 years passed since the criminal offence of rape and not one incident related to breach of public law and order in the municipality where the victim lived was registered, and that after all that time there was not one element to order detention upon these grounds.

Examining the reasonable suspicion whether the suspect Robert Kovačić committed the criminal offence of war crimes against civilians under article 142, par.1 taken over from the CC SFRY, the preliminary proceedings judge determined that there was a reasonable suspicion that the suspect committed the crime he was charged with.

Namely, from the substantiated written motion of the Cantonal prosecution, verbal explanations of the prosecutor at the hearing, as well as the evidence enclosed to the motion for detention, it follows that the incriminated acts were committed during September 1995, that is, during the times of war in BiH, that these acts were committed by the suspect Robert Kovačić as HVO soldier in the period when the town of Jajce, as the place where crime was committed, was under HVO control, and that these acts were committed against the victim ▮▮▮▮▮ as a civilian and of Muslim, that is, Bosniak nationality, who resided in Jajce during the war. By conducting the incriminated acts of raping the victim ▮▮▮▮ ▮▮▮▮▮ in a rough manner, insulting the victim for her nationality and threatening her that he would kill her and throw her to the garbage, the suspect Robert Kovačić, as a soldier, acted contrary to the regulations under article 3 of Geneva Convention on Protection of Civilians During Times of War dated 12/08/1949 and article 4 of the II Additional Protocol to Geneva Convention dated 12/01/1977 on protection of victims of international armed conflicts, which presents the basic element and characteristic of the criminal offence of war crimes against civilians under article 142, par.1, taken over from the CC SFRY. Reasonable suspicion that

the suspect Robert Kovačić committed the criminal offence of war crime investigated by the prosecution was not compromised by the statements of the defender regarding the prosecution's motion given at the hearing. The reason for this comes from the collected evidence, especially the statement of Zvonko Jakešević, who at the time of criminal offence was Assistant Chief of Crime Police and who took the statement from the victim, which undoubtedly shows that the police bodies with members of only one nationality (Croatian and Bosniak) at the time of crime functioned separately and had different seats located in the areas under control of different conflicted armed forces, that is, HVO and BiH Army, that the town of Jajce at the time of the crime was exclusively under control of HVO and that only the members of Croatian Army and HVO were in Jajce at that time and not the members of BiH army as opposing party. Finally, the fact that the suspect Robert Kovačić after the war got married to a Muslim, that is, a Bosniak, with whom he lives now, is not of relevance for existence of reasonable suspicion that the suspect committed the criminal offence of war crime he has been charged with, since the existence of reasonable suspicion that the criminal offence in question was committed is established according to the circumstances and facts which existed at the time the criminal offence was committed.

The Motion for detention of the Prosecutor's Office against the suspect Robert Kovačić under article 146, par. 1, point a) of CPC FBiH, is grounded.

Regarding the circumstances that the suspect Robert Kovačić was familiar with the fact that the victim ▮▮▮▮▮▮▮▮ filed criminal report against him for the committed crime, that the suspect immediately after the war, that is, as soon as it was possible, left the territory of Bosnia and Herzegovina, that he, according to the available information of the prosecuting authorities, resides in the USA, at the specified address and that it was not possible to serve him with a summon for hearing during the investigation, it can be concluded that the suspect is hiding from the state authorities in order to avoid prosecution, that is, that he is on the run, which justify detention under article 146, par. 1, point a) of CPC FBiH.

The Motion for detention of the Prosecutor's Office against the suspect under article 146, par. 1, point d) of CPC FBiH, is grounded. It comes from the reason that the suspect has been charged with the criminal offence with prescribed sentence of up to 10 years of imprisonment or more severe sentence. Furthermore, that the criminal offence was committed under circumstances of war and by the suspect as a soldier against the victim as a female of different nationality, by which the personal dignity, bodily integrity and victim's dignity as commodity under special protection of international humanitarian law, which qualifies it as especially aggravated criminal offence. With such circumstances it is to be expected that if the suspect stayed free during the proceedings that would present realistic threat for public order.

Due to the above, it was decided as in the wording of the Decision.

| | | |
|---|---|---|
| Clerk | | Preliminary proceedings Judge |
| Sanela Nesimi | (stamp) | Mirjana Grubešić |
| | | (signed) |

Legal remedy:
Appeal against this decision is allowed and is to be submitted to the Out-of-Court Panel of this Court within 3 days upon receipt of the decision.

BOSNIA AND HERZEGOVINA
FEDERATION OF BOSNIA AND HERZEGOVINA
CENTRAL BOSNIA CANTON
CANTONAL COURT IN NOVI TRAVNIK
No.: 06 0 K 007087 14 Kv
Novi Travnik, 30/06/2014

Cantonal Court in Novi Travnik in the panel of judges: Zuhdija Ćosić, the president of the panel, Darmin Avdić and Lazarela Porić, panel members, and in the presence of the clerk Bosa Zlatunić, in the criminal case against the suspect Robert Kovačić for criminal offence of war crimes against civilians under article 142, par.1 taken over from the Criminal Code of SFRY (CC SFRY), deciding upon appeal of the suspect's defender against the Decision of the Preliminary proceedings judge No. 06 0 K 007087 14 Kpp dated 06/06/2014, based upon article 337, par. 2 and par. 3 of Criminal Procedures Code of federation of Bosnia and Herzegovina (CPC FBiH), at the panel session held on 30/06/2014, brought the following:

## DECISION

The appeal of the suspect Robert Kovačić's defender, the lawyer Jasna Dunđer from Novi Travnik, against Decision of the preliminary proceedings judge No. 06 0 K 007087 14 Kpp dated 06/06/2014 has been rejected as ungrounded.

### Explanation

Decision of the preliminary proceedings judge of this Court No. 06 0 K 007087 14 Kpp dated 06/06/2014 accepts the Motion of the Cantonal Prosecutor's Office Travnik No. T06 0 KT RZ 0008568 13 dated 02/06/2014 for detention against the suspect Robert Kovačić, so the named Decision ordered detention against the suspect due to reasons prescribed by article 146, par. 1, point a) and point d) of CPC FBiH, due to reasonable suspicion that he had committed the criminal offence of war crimes against civilians under article 142, par.1 taken over from the CC SFRY. According to the named Decision, detention cannot last more than one month starting from the day of arrest.

The appeal against this Decision was timely filed by the suspect's defender Jasna Dunđer, the lawyer from Novi Travnik, due to relevant violation of criminal proceedings provisions and due to wrongly established facts related to the conclusion of the first instance court that there was a reasonable suspicion that the suspect had committed the crime he was charged with but also related to the conclusion that there were reasons for detention under article 146, par. 1, point a) and point d) of CPC FBiH.
In that sense the appeal, in relation to reasons for detention and reasonable suspicion, objects that the preliminary proceedings judge in the appealed Decision wrongly concluded that there was a causal link –nexus between the alleged rape and armed conflict since it was generally known that there were three conflicted parties in BiH- Army of Republic of Srpska, HVO and BiH Army which were not in war everywhere in BiH, that before "liberation" Jajce was under control of Army of Republic of Srpska and that BiH Army and HVO were jointly involved in military operations of "liberation" of Jajce, so accordingly, BiH Army and HVO were not conflicted parties in Jajce as was wrongly determined by the preliminary proceedings judge, nor there was such an evidence in the case file. Furthermore, according to the statement of the

victim ███████████ the suspect was in his flat at the critical time, in civilian clothes so the possible rape cannot be related to armed conflict, since even if it is accepted that there was rape, the suspect did not commit it as a soldier but as a common civilian at his flat. So the crime cannot be qualified as criminal offence of war crimes against civilians under article 142, par.1 taken over from the CC SFRY so there cannot be reasonable suspicion that he committed the said crime but it may be a criminal offence of rape which, due to time passed, came under statute of limitation for prosecution.

Regarding reasons for detention under article 146, par. 1, point a) of CPC FBiH, the appeal says that the first instance court violated the mentioned provision when it used it to order detention against the suspect because it was not possible to determine from the documentation enclosed to the Motion for detention when the suspect moved to USA, so the conclusion of the preliminary proceedings judge that the suspect did it immediately after the war was ungrounded, and accordingly, the conclusion of the Court that the suspect was on the run was unjustified since he could not enter USA without visa and to get one, he had to get a certificate that no criminal proceedings were conducted against him. Due to all that, it is unreasonably determined that the suspect was hiding from the state authorities in order to avoid prosecution.

Regarding reasons for detention under article 146, par. 1, point d) of CPC FBiH, the appeal claims that the first instance court, by ordering detention for this reason for detention, violated the mentioned provision since it did not justify nor made it possible to prove that the suspect being free during the proceedings would make a realistic threat to public order due to the fact that 19 years passed since the time that the act was allegedly committed and there were no proofs or indications that the public order was breached due to that act or that there is such possibility. All of that along with the fact that all the conditions prescribed by the mentioned provision should be met for detention to be ordered which was not the case in this matter, so the threat to public law and order is characterized as abstract and it can be said with certainty that public order would not be breached due to almost 20 years that passed.

Due to all the above, the appeal proposes to cancel the Decision in question and the case to be returned to the preliminary proceedings judge for renewed decision.

After this Court examined the foundation of the appeal within the appeal averments in accordance with article 321 CC FBiH, it was decided as in the wording of the Decicion due to the following reasons:

Regarding the above appeal objections in relation to the conclusion of the first instance court about the existence of reasonable suspicion that the suspect committed the criminal offence of war crimes against civilians under article 142, par.1 taken over from the CC SFRY, with the reasons given in the explanation of the first instance decision, as well as the evidence in the case file, this Court decided that those appeal objections were ungrounded. Namely, contrary to the appeal objections, the first instance court gave the concrete and valid assessment and analyses of the evidence enclosed to the motion for detention according to which and according to the belief of this Court, the grounded conclusion was made, conclusion that there actually was a reasonable suspicion that the suspect committed the mentioned crime offence and in the way as it was described in the motion for detention. The preliminary proceedings judge correctly refers to the facts which are not disputed by the appeal, manifesting in the fact that the event the suspect was charged with happened in September 1995 during the war conflict in BiH and that the suspect was a HVO soldier at that time and that the area of Jajce town was at that time under control of the same army and that the victim at that time had the status of a civilian of Bosniak nationality who was at her residence in Jajce during the war. Additionally, when you have in mind the statement of the victim Sefija Šardupalović

according to which the suspect, in a rough manner, insulting the victim for her nationality and threatening her that he would kill her and throw her to the garbage, forced her to sexual intercourse by using force, then, according to the assessment of this Court, the factual conclusion made by the preliminary proceedings judge proved right that there was a reasonable suspicion that the victim as a soldier acted contrary to the regulations under article 3 of Geneva Convention on Protection of Civilians During Times of War dated 12/08/1949 and article 4 of the II Additional Protocol to Geneva Convention dated 12/01/1977 on protection of victims of international armed conflicts, by which all relevant characteristics of the criminal offence of war crimes against civilians under article 142, par.1, taken over from the CC SFRY exist. By that it is said that the reasonable suspicion of the preliminary proceedings judge determined on that level which was enough for the correct and legal conduct of investigation at this phase. At the same time this Court finds that the appeal objections given by the defender in relation to the relevant characteristics of the crime were not without basis but those concrete objections might be a topic of only contradicted evidentiary proceedings during the assessment and analyses of evidence at the main hearing when it is necessary to determine the highest level of certainty in order to prove the existence of criminal offence that the suspect is charged with.

Regarding the existence of the reasons for detention under article 146, par. 1, point a) of CPC FBiH, the case file shows, contrary to the appeal objections, that the concrete circumstances were mentioned in the motion for detention as well as the questioned decision, the circumstances which according to the opinion of this Court, indicate that the suspect is in hiding since the file shows that the suspect was familiar with the fact that the victim reported the event to the police and that the suspect soon after the war was over, left Bosnia and Herzegovina, furthermore, the appeal does not offer even one proof that the suspect left BiH according to legal regulations, that is, to cancel his address and residence in order to move abroad. It is the fact that he needed certificate confirming that no criminal procedures were conducted against him in order to obtain US visa but it does not question regularity and legality of the first instance Decision since at the time he went abroad there was no appropriate decision which could show that the procedure was conducted against him since the decision on conduct of investigation was in competence of investigative judge at that time. Finally, if the suspect wishes to contradict the conclusion that he is hiding and avoids prosecution, he can do that by voluntarily approaching the BiH state authorities in charge of prosecution.

According to the file and evidence which were the basis of the first instance Decision, this Court finds it correct and legal and that the appeal objections were ungrounded also regarding the existence of reasons for detention under the article 146, par. 1, point d) of CPC FBiH. Namely, it is not disputed that the suspect was charged with the criminal offence for which the prescribed sentence is up to 10 years of imprisonment or more severe sentence which presents the objective condition for detention for the reasons prescribed by the article 146, par. 1, point d) of CPC FBiH. The act is especially aggravated regarding its manner of execution and its consequences, which can be concluded from the fact mentioned by the preliminary proceedings judge and the fact that, according to the victim's statement, the victim came to the suspect's flat in order to protect her bodily integrity and that the suspect misused her trust and used physical force to break her resistance in order to have sexual intercourse with her, which presents relevant characteristic of the crime, he additionally and unnecessarily insulted the victim by different abusive words and made her fear for her life also after the actual act. That is why that event is considered especially aggravated and committed under special circumstances which justify the conclusion of the preliminary

proceedings judge that if the suspect stays free, in case he is available to the state authorities, it might result in realistic threat for public order, all of that due to the fact that the public is especially sensitive about war crimes procedures, which made the conditions cumulatively met for the reasons for detention prescribed by the article 146, par. 1, point d) of CPC FBiH.

When then conditions are as such, the decision of the preliminary proceedings judge to order detention against the suspect for the reasons prescribed by the article 146, par. 1, point a) and point d) of CPC FBiH proves to be correct and legal, while the appeal of the suspect's defender as ungrounded so it was necessary to reject it.

Clerk
Bosa Zlatunić

President of the Panel
Zuhdija Ćosić
(stamped and signed)


Legal remedy:
No appeal is allowed against this Decision.

